# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RICHARDS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, <br><br> Defendants. | Case No.: 1:17-cv-1094 - LJO - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT <br><br> (Doc. 17) |

Thomas Richards seek leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to include a cause of action under California's Private Attorneys General Act. (Doc. 17) Defendant opposes the request, and contends the motion should be denied. (Doc. 19) For the reasons set forth below, the Court finds leave to amend is appropriate, and Plaintiff's motion to amend is **GRANTED**.

## I.     Background

Plaintiff alleges he was employed as a detention officer by CoreCivic, which is a corrections facility operator, from August 22, 2011, to December 8, 2016. (Doc. 1 at 15-16, ¶¶ 15, 18) He asserts, "While employed by Defendant, Plaintiff was not allowed the meal and rest breaks that are required by California law." (*Id.* at 16, ¶ 19) According to Plaintiff, he "was compensated by the minute on his timecards, and was not paid meal or rest break premiums." (*Id.*) In addition, he asserts that after terminating his employment, he "still has not received his due compensation…" (*Id.*, ¶ 21)

1

Plaintiff initiated this action by filing a complaint on June 21, 2017, in San Diego County Superior Court, Case No. 37-2017-D00225688-CU-OE-CTL. (*See* Doc. 1 at 12) Plaintiff raised the following claims, both individually and on behalf of others similarly situated: (1) failure to allow or pay for meal periods in violation of Cal. Lab. Code §§ 226.7, 512, 558 & 1198; (2) failure to allow or pay for rest periods in violation of Cal. Lab. Code §§ 226.7, 512, 558 & 1198; (3) waiting time penalties under Cal. Labor Code §§ 201-203 and 558; (4) failure to provide accurate itemized wage statements in violation of Cal. Labor Code §§ 226(a) and 558; (5) unfair business practices in violations of Cal. Bus. & Prof. Code §§17200, et seq. (*See id.* at 12-25)

On July 21, 2017, Defendant filed a notice of removal to the Southern District of California, as well as a notice of related case, indicating this matter is related *to Jose Gonzalez v. CCA of Tennessee, LLC., et al*., Case No.: 1:16- cv-01891-DAD-JL T. (Docs. 1, 3) Thereafter, Southern District transferred this action to the Eastern District of California. (Docs. 9, 10)

The Court held a Scheduling Conference with the parties on November 13, 2017. (Doc. 16) Prior to the conference, Plaintiff informed the Court that "he may seek leave to amend the complaint to add a claim under the Private Attorney General's Act…now that the administrative prerequisites have been satisfied." (Doc. 14 at 4) The Court ordered any requests for a pleading amendment, whether through stipulation or a motion, be filed no later than February 5, 2018. (Doc. 16 at 2)

On January 5, 2018, Plaintiff filed the motion for leave to file a First Amended Complaint now pending before the Court. (Doc. 17) Defendant filed its opposition to the motion on January 22, 2018 (Doc. 19), to which Plaintiff filed a reply on January 29, 2018 (Doc. 20).

**II.     Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b)(e) or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendant filed its answer on July 21, 2017. (Doc. 2) Because more than 21 days have passed since the filing of the responsive pleading, Plaintiff requires either consent of the defendant or leave of the Court to file an amended complaint.

2

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files a responsive pleading, leave to amend should not be granted if "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff amended his complaint previously. *Allen*, 911 F.2d at 373. If granted, this would be the first amendment for Plaintiff. Therefore, this factor does not weigh against granting leave to amend.

#### B. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend. *Howey*

1 *v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant"). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Defendant argues Plaintiff's request for leave to amend "should be denied because of undue delay." (Doc. 19 at 7, emphasis omitted) Defendant asserts that "California's PAGA statute contemplates that leave to amend a complaint to add a PAGA claim will be sought within 60 days after satisfying PAGA's pre-filing exhaustion requirements," by providing in relevant part:

> Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time period specified in this part.

(*Id.* at 7-8, quoting Cal. Labor Code § 2699.3(a)(2)(C)). Defendant observes that "the 65 calendar-day period for the LWDA to respond ended on August 23, 2017," "[y]et Plaintiff waited another 136 days before filing the instant Motion." (Doc. 19 at 8) Defendant argues, "There is no excuse or explanation for [this] delay." (*Id.*)

Significantly, it does not appear that the period for the LWDA to respond to Plaintiff's notice had run when Plaintiff filed his complaint on July 21, 2017. Thus, a PAGA claim could have been stated in the original pleading. Further, though Plaintiff has been aware of the potential to state a PAGA claim since August, the decision to seek leave to amend at this juncture has not delayed the course of the litigation. Indeed, Plaintiff has requested leave to amend within the timeframe ordered by the Court in its Scheduling Order. (*See* Doc. 16 at 2) In addition, the plaintiff's counsel repeatedly sought to discuss the amendment with opposing counsel, to determine whether a stipulation could be reached, but the defense counsel refused to respond. (Doc. 17-1 at 2) Accordingly, this factor does not weigh against granting leave to amend.

///

4

**C. Bad faith**

There is no evidence that Plaintiff acted in bad faith in seeking to amend the complaint to include a PAGA claim. Thus, this factor does not weigh against amendment.

**D. Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). "Futility is analyzed under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In other words, leave to amend should not be denied based on futility unless the proposed amended complaint would 'fail to state a claim upon which relief can be granted.'" *SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, 287 F. Supp. 2d 576, 581 (E.D. Pa. 2002). Likewise, a motion for leave to amend is futile if the claims presented can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir. 1986).

Defendant argues the proposed amendment is futile because Plaintiff "did not exhaust his administrative remedy with respect to his proposed PAGA claim." (Doc. 19 at 4, emphasis omitted) In addition, Defendant contends, "the one-year period for Plaintiff to file a proper PAGA claim has expired." (*Id.* at 7)

        1.     Exhaustion requirement

California adopted PAGA to allow individual plaintiffs "to bring a civil action to collect civil penalties for Labor Code violations previously only available in enforcement actions initiated by the State's labor law enforcement agencies." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005); *see also* Cal. Lab. Code § 2699(a); *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1121 (9th Cir. 2013). To claim PAGA penalties, a plaintiff must exhaust the administrative procedures set out in Labor Code § 2699.3, which includes giving written notice to the California Labor and Workforce Development Agency ("LWDA") and the defendants. *Caliber*, 134 Cal. App. 4th at 375-76; Cal. Lab. Code § 2699.3(a)(1). After the LWDA responds that it will not prosecute the action, or fails to respond to the notice, a plaintiff may file suit. *Id.* § 2699.3(a)(2)(A).

To properly state a PAGA cause of action, courts have held that a plaintiff "must plead

compliance with the pre-filing notice and exhaustion requirements." *See Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007). Defendant notes that Cal. Labor Code § 2699.3 provides in relevant part:

> The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(Doc. 19 at 5, quoting Cal. Labor Code § 2699.3(a)(1)(A)) Defendant observes, "In addition to giving written online notice to the LWDA, the plaintiff must also pay a filing fee of $75.00." (*Id.*, citing Cal. Labor Code § 2699.3(a)(1)(B)) According to Defendant, the proposed amendment is insufficient because Plaintiff does not "allege that he gave notice to the LWDA through the required online filing" and it "is devoid of any allegations that Plaintiff paid the $75 filing fee to the LWDA." (*Id.* at 6)

Significantly, however, Defendant fails to identify any authority that a plaintiff is required to plead with the specificity Defendant suggests is required. Indeed, the standards the defendant seeks to impose would stand Rule 8 on its ear even considering the requirements of *Iqbal*[1] and *Twombly*[2]. Plaintiff alleges he gave notice to the LWDA and "has complied with the procedures for bringing suit set forth in Labor Code § 2699.3." (Doc. 17-2 at 19-20, ¶ 78) Moreover, he has alleged specific facts related to the material elements. *Id.* Notably, the failure to make the $75 payment is not fatal in light of the fact that a fee waiver may be given. The Court finds the allegations are sufficient to demonstrate Plaintiff's proposed PAGA claim is not futile.

### 1. Statute of limitations and relation back

Defendant contends Plaintiff is unable to state a PAGA claim because that statute of limitations is one year. (Doc. 19 at 7, citing *Thomas*, 527 F. Supp. 2d at 1006-08) Defendant observes, "because Plaintiff's employment with Defendant ended on December 8, 2016, the one-year period for Plaintiff to file a proper PAGA claim has expired." (*Id.*) On the other hand, Plaintiff argues his claim is not barred because "it is well established that a cause of action under an Amended Complaint relates back to the date of the original Complaint for purposes of the Statute of Limitation …." (Doc. 20 at 3, n. 1, citing

---
[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

6

*Munoz v. Giumarra Vineyards Corp.*, 2015 WL 5326202 at *8 (E.D. Cal. Sept. 11, 2015)

Significantly, relation back is not a prerequisite for amendment and should be liberally applied. *See Foman*, 371 U.S. at 182; *E.W. French & Sons, Inc. v. Gen. Portland Inc.*, 885 F.2d 1392, 1396 (9th Cir.1989). As this Court observed in *Munoz,* the Ninth Circuit determined Federal Rule of Civil Procedure 15(c) controls relation back for PAGA claims. *Id.*, 2015 WL 326202 at *7 (citing *Milligan v. Am. Airlines, Inc.*, 577 Fed. Appx 718, 719 (9th Cir.2014)). In relevant part, Rule 15 provides that "an amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B).

Plaintiff asserts that his employment with CoreCivic ended on December 8, 2016. (Doc. 1 at 15, ¶ 15; Doc. 17-2 at 6, ¶ 15) Plaintiff initiated this action by filing a complaint on June 21, 2017 — less than one year after his employment ended. (Doc. 1) It is undisputed that the factual allegations presented in the original complaint and the proposed amended complaint rest upon the same facts and injuries—namely, alleged wage an hour violations by Plaintiff's former employer. Accordingly, the Court finds the relation-back doctrine applies, and the claim is not barred by the statute of limitations.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Id.* The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Here, Defendant does not assert there would be any prejudice, and this factor does not weigh against amendment.

## IV.   Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to amend the complaint. *See Madeja*, 310 F.3d at 636. According, the Court **ORDERS**:

1. Plaintiffs' motion to amend the complaint (Doc. 17) is **GRANTED**; and
2. Plaintiffs **SHALL** file their First Amended Complaint within three court days of the

date of service of this Order.

IT IS SO ORDERED.

Dated: **February 8, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE