**Todd M. Friedman (SBN 216752)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St. Ste. 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RICHARDS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, <br><br> Defendants. <br> _____ | CASE NO.:  1:17-cv-01094-LJO-JLT <br> FIRST AMENDED CLASS ACTION COMPLAINT FOR: <br> 1.  FAILURE TO ALLOW OR PAY FOR MEAL PERIODS; <br> 2.  FAILURE TO ALLOW OR PAY FOR REST PERIODS; <br> 3.  WAITING TIME PENALTIES; <br> 4.  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS <br> 5.  VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200; <br> 6.   VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT <br> DEMAND FOR JURY TRIAL |

**1**

**First Amended Complaint**

Plaintiff, THOMAS RICHARDS, on behalf of himself and a class of all other similarly situated current and former employees of Defendant, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## **INTRODUCTION**

1.      This action is within the Court's jurisdiction pursuant to the provisions of California *Labor Code* §§ 201-203, 226, 226.7, and California *Business and Professions Code* §§ 17200, *et seq*.

2.      This Complaint challenges illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against Plaintiff.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay wages in a timely fashion, including at the end of employment, and failing to keep statutorily required payroll records.

4.      Plaintiff is informed and believes and based thereon allege that Defendants have engaged in, among other things, a system of willful violations of the California *Labor Code*, *Business and Professions Code*, and applicable IWC wage order by: (a) failing to pay all final wages to Plaintiff and the Class Members in a timely fashion; (b) failing to pay all meal and rest period premium wages to Plaintiff and Class Members; (c) failing to provide, or timely provide, all required meal and rest periods to Plaintiff and Class Members; and (d) failing to keep proper records pursuant to *California Labor Code* § 226 and §§ 1174 and 1174.5.

**First Amended Complaint**

5.        Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and Class Members, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and Class Members to timely payment of wages.

6.        This action seeks relief for the un-remediated violations of California law including, inter alia:

    a.        Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of the wages due and interest thereon;

    b.        Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of meal and rest period wages, including premium wages;

    c.        Damages and/or penalties for Plaintiff and Class Members, who were not issued accurate itemized wage statements in conformity with California law.

    d.        Damages and/or penalties for Plaintiff and Class Members, who were terminated, and who were not paid all wages due and owing in conformity with California law;

    e.        Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of

        Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

7.        "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

8.        The actions of Defendant are in violation of the Labor Code as well as IWC wage orders and, as a result, are unlawful and unfair acts, thus constituting

a violation of California Business & Professions Code section 17200, et seq. (Unfair Competition Law, "UCL").

9.      The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over Plaintiff and Class members' claims for failure to provide required meal and rest periods, failure to provide accurate wage statements, and failure to pay all earned wages upon termination pursuant to the Labor Code, including, but not limited to, sections 200, 201, 202, 203, 226, 226.7, 558, 1174, 1174.5, 1198, and the IWC wage orders.

11.      This Court has jurisdiction over Plaintiff and Class members' claims for injunctive relief, including restitution of earned wages, which are the money and property of Plaintiff and Class members, arising from Defendant's unfair competition under UCL sections 17203 and 17204.

12.      This Court also has jurisdiction over Plaintiff and Class members' claims for penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable Labor Code provisions.

13.      Venue as to Defendant is proper in this County pursuant to Code of Civil Procedure section 395(a).  Plaintiff is informed and believes, and thereon alleges that Defendant conducts business, employs Class members, and has locations in this County, and the events complained of occurred in this County.

## PARTIES

14.      Plaintiff is informed and believes and based thereon allege that Defendant CORECIVIC, INC. is a corporation with headquarters in Tennessee and incorporated in Maryland.  Plaintiff is informed and believes and thereon

alleges that Defendant, at all times herein mentioned, is and was doing business in the County of San Diego, State of California.

15.     Plaintiff THOMAS RICHARDS is, and at relevant times herein was, a resident of the County of San Diego, California. From on or about August 22, 2011, until December 8, 2016, Plaintiff had been employed by Defendants. Plaintiff was employed as a Detention Officer.

16.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

17.     The members of the Class, including the named, representative Plaintiff, have been employed by Defendant during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced by Defendant throughout the State of California.

## FACTUAL ALLEGATIONS

18.     Defendant is a corrections facility operator with facilities across the country.  On or about August 22, 2011, Plaintiff commenced his employment with Defendant in a facility located in San Diego, California.  Plaintiff was paid hourly for his services.

19.     While employed with Defendant, Plaintiff was not allowed the meal and rest breaks that are required by California law.  Plaintiff was compensated by the minute on his timecards, and was not paid meal or rest break premiums.

20.     Plaintiff terminated his employment with defendant on December 8, 2016.

21.     Following the end of his employment, Plaintiff still has not received his due compensation for being forced by Defendant to work through his legally required meal and break times.

22.      At all times herein mentioned, Plaintiff was an employee of Defendants in the State of California, and Defendants were and are employers employing persons in the State of California.  As such, Plaintiff was the type of persons contemplated to be protected by the California Labor Code and the Wage Order, and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

23.      Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws.

24.      Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and Class Members one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

25.      Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of requiring Plaintiff and Class Members to continue working through meal periods, or were required to stay on the premises during their meal periods, or were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

26.      Plaintiff is informed and believe and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for duty-free meal periods that were not provided within the first five (5) hours of any shift of six (6) or more hours worked, and for on-duty meal periods.

27.      Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay Plaintiff one (1) hour of wages per day for missed or on-duty rest breaks.

28.      Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to provide to Plaintiff and Class Members one (1) ten (10) minute break for each shift of four (4) hours or more worked.

29.      Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for missed rest breaks that were not provided within each four (4) hours of a shift.

30.      Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent policy or practice of failing to provide Plaintiff and Class Members with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to document all hours worked.

## CLASS ACTION ALLEGATIONS

31.      Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23, on behalf of the following defined Class and Subclass:

> All non-exempt individuals who are currently or have been employed in California by Defendant during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

///
///

Subclass:

All Class members whose employment with Defendant has terminated during the Class Period.

32.     As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

33.     Numerosity: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members.  As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

34.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

a.  Whether Defendant failed to provide Plaintiff and members of the Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

b.  Whether Defendant had/has policies and/or practices that result in meal periods not being adequately captured and recorded;

c.  Whether Defendant had/has policies and/or practices that result in meal periods premiums not being adequately paid to employees;

d.  Whether Defendant had/has policies and/or practices that result in rest periods not being adequately captured and recorded;

e.  Whether Defendant had/has policies and/or practices that result in rest periods premiums not being adequately paid to employees;

f.  Whether Defendant unlawfully and/or willfully failed to pay Plaintiff and members of the Class for hours worked in violation of the

8

First Amended Complaint

applicable Industrial Welfare Commission Order and Labor Code sections 200 and 226;

g.  Whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to members of the Subclass upon termination of their employment in violation of Labor Code sections 201-203;

h.  Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

i.  Whether Defendant violated the Unfair Competition Law of California, Business and Professions Code sections 17200, et seq., by violating the above-cited provisions, and treating Plaintiff and members of the Class unfairly by failing to furnish an accurate, itemized wage statement upon payment of wages and by failing to allow required meal and rest breaks.

35.    <u>Typicality:</u> Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendant's policies and/or practices set forth above.

36.    <u>Adequacy of Representation:</u> Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

37.    <u>Superiority:</u> Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.  In addition, a class

action will serve the important public interest of permitting Class members harmed by Defendant's unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

38.     Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### Failure to Allow or Pay for Meal Periods

### (California *Labor Code* §§ 226.7, 512, 558, & 1198, and Wage Order)

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.     At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with meal periods that comply with the California *Labor Code* and applicable regulations and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

41.     Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff's and Class Members' statutorily compliant meal periods.

42.     Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendants regularly failed to accurately record meal periods. Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff and Class Members to reflect that meal periods were taken when in fact they were not taken, or to reflect a different time than the meal

First Amended Complaint

periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

43.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper meal period premium wages for all non-compliant or missed meal periods.   Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such meal period wages due and owing Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

44.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

45.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California *Labor Code* § 226.7 and the Wage Order.

46.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:   For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

///

///

## SECOND CAUSE OF ACTION

### Failure to Allow or Pay For Rest Periods

### (California *Labor Code* §226.7, 558 & 1198, and Wage Order)

47.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.      At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with rest periods that comply with the California *Labor Code* and applicable regulations and IWC wage order, including California *Labor Code* § 226.7.

49.      Defendants regularly failed to provide, and in fact denied, Plaintiff and Class Members statutorily compliant rest periods.

50.      Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take mandated rest periods.

51.      Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper rest period premium wages for all non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California *Labor Code* § 203.

52.      Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

53.      Plaintiff and Class Members were regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in

violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that they were not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

54.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at his regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

55.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover.

### THIRD CAUSE OF ACTION

**Waiting Time Penalties**

**(California *Labor Code* §§ 201-203 and 558)**

56.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201 through 203.

58.     Defendants failed to pay Plaintiff and Subclass Members their final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

**First Amended Complaint**

59.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and Subclass Members.

60.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Subclass Members are entitled to compensation pursuant to California *Labor Code* § 203.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (California *Labor Code* §§ 226(a), and 558)

61.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

First Amended Complaint

63.     Defendants failed in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Plaintiff and Class Members. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

64.     For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked.  As a result, Defendants failed to provide true and accurate wage statements to Plaintiff and Class Members, as required by California *Labor Code* § 226.

65.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and Class Members in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

66.     Plaintiff and Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

## FIFTH CAUSE OF ACTION

### Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

67.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

68.     Defendants engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above,

15

**First Amended Complaint**

including but not limited to failing to provide meal and rest breaks and failing to provide itemized wage statements.  Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

69.      Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

70.      Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

71.      Plaintiff, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## <u>SIXTH CAUSE OF ACTION</u>

REMEDIES UNDER CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT
OF 2004 (CALIFORNIA LABOR CODE §§ 2698, et seq.)

72.      Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.      Under Labor Code § 2699, any employee aggrieved by an employer's

16

**First Amended Complaint**

violation of the Labor Code has the right to file an action on behalf of all aggrieved employees for the penalties established by § 2699 and/or other Labor Code sections.

74.     The aforementioned wrongful acts and omissions of Defendants were violations of the Labor Code, as set forth herein.  Plaintiff is an employee that has been aggrieved by Defendants' violations of the aforementioned Labor Code provisions.

75.     Plaintiff, as employees against whom Defendants have committed one or more alleged violations of the Labor Code during the applicable limitations period is an "aggrieved employee" within the meaning of Labor Code § 2699(c).

76.     During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and Sections 3, 4, 11, and 12 of the Wage Order.

77.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff, on behalf of himself and other aggrieved employees, seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1197, 1198,  and Sections 3, 4, 11, 12 of the Wage Order:

    A.     For violations of Labor Code §§ 201, 202, 203, and 226.7, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.     For violations of Labor Code § 204, $100 for each employee for each initial violation, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation (penalties set by Labor Code § 210);

C.   For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation; alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

D.   For violations of Labor Code §§ 512 and 1198, and Sections 3, 11, and 12 of the Wage Order, $50 for each employee for each initial pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each employee for each subsequent pay period for which the employee was underpaid, in addition to an amount sufficient to recover underpaid wages (penalties set by Labor Code § 558); and

E.   For violations of Labor Code § 1197 and Section 3 of the Wage Order, $100 for each employee for each initial and intentional violation in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, regardless of whether or not the initial violation was intentionally committed (penalties set by Labor Code § 1197.1).

78.   Plaintiff has complied with the procedures for bringing suit set forth in Labor Code § 2699.3. By letter dated June 19, 2017, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code that they allege to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has not received a letter from the LWDA informing Plaintiffs

**First Amended Complaint**

that it does intends to investigate the violations of the Labor Codes he alleged.

79.     Pursuant to Labor Code § 2699(g)(1), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf this suit is brought against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed class representative;

C.     And order that counsel for Plaintiff be appointed class counsel;

D.     For compensatory damages in an amount according to proof with interest thereon;

E.     For economic and/or special damages in an amount according to proof with interest thereon;

F.     For payment of penalties in accordance with California law;

G.     For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.;*

H.     For all penalties permitted by California Labor Code § 558;

I.     For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

J.     For general damages, in an amount according to proof;

I.     For special damages, in an amount according to proof;

J.     For loss of earnings, in an amount according to proof, with interest thereon

K.     For punitive and exemplary damages, in an amount according to proof

**First Amended Complaint**

L.   For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5;

M.   That the Court declare, adjudge, and decree that Defendants violated California's Private Attorney General's Act (PAGA), Labor Code section 2698, et seq.;

N.   For all penalties permitted by California's Private Attorney General's Act (PAGA), Labor Code section 2698, et seq.;

O.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California's Private Attorney General's Act (PAGA), Labor Code section 2698, et seq.; and,

P.   For all such other and further relief that the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury**.**

Dated: February 11, 2018          By: s/ Todd M. Friedman

Law Offices of Todd M. Friedman, P.C.

Todd M. Friedman, Esq.

**20**

**First Amended Complaint**

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 11th day of February, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 11th day of February, 2018, to:

Honorable Judge Lawrence J. O'Neil
United States District Court
Eastern District of California

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD.

<u>s/Todd M. Friedman</u>
Todd M. Friedman, Esq

First Amended Complaint